## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**DEMETRIOUS B. SEAMSTER**          **CIVIL ACTION NO. 12-2271-P**

**VERSUS**                          **JUDGE HICKS**

**DEPARTMENT OF**                   **MAGISTRATE JUDGE HORNSBY**
**CORRECTIONS, ET AL.**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Demetrious Bernard Seamster ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 27, 2012. Plaintiff is currently incarcerated at the Allen Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names the Department of Corrections, Trey Elmod Elmore, Brad Rogers, Major Hamm, the City of Homer, Chemical Agents, and the David Wade Correctional Center as defendants.

Plaintiff claims that on August 10, 2012, there was a fight between black and white inmates. He claims that after he was handcuffed, he was kicked in the back "for dead pressure" and chemical agents were sprayed. He claims he suffered loose teeth, a headache and a backache, pain and suffering, and blood in his stool.

Plaintiff claims Captain Thomas and Colonel Nall had been asked to separate the inmates because they were having problems living together and numerous threats had been made.  Plaintiff attaches an August 2, 2012 Classification Review Board decision which determined he was not eligible for reassignment because of the serious nature of his past offenses and the disciplinary reports received during his current confinement.

Plaintiff claims he was not transported to the state hospital because of racism.  He claims the brutality of the incident was not reported.

Accordingly, Plaintiff seeks monetary compensation

## LAW AND ANALYSIS

### Failure to Protect: Threats of Inmate Violence

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).  "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials."  Farmer, 114 S.Ct. at 1977.  Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety.  Id. at 1977-78.  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the

official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that prison officials were aware of  any excessive risk.  In fact, Plaintiff has failed to allege that he was attacked by any inmate that made threats against him. Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.  Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Excessive Force**

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment upon prisoners.  Cruel and unusual punishment in the context of excessive force is "unnecessary and wanton infliction of pain."  See Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986).  In prison security measures, the question of what constitutes "unnecessary and wanton" infliction of pain turns on whether the force was applied in "a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  Plaintiff claims he was kicked in the kidney and a chemical agent was sprayed after he was handcuffed.

Plaintiff admits that the scenario in which the incident in question occurred was

unsettled.  He claims there was a fight in his unit between the black and white inmates.  It is unfortunate that the situation escalated to the point that force was used.  However, Plaintiff cannot prevail on this claim.  Prison officials "are entitled to wide-ranging deference" in situations such as this.  See <u>Baldwin v. Stalder</u>, 137 F.3d 836, 840 (5th Cir. 1998).  "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed."  <u>Ikerd v. Blair</u>, 101 F.3d 430, 434 (5th Cir. 1996).  A convicted inmate does not have a cognizable claim under the eighth amendment every time he is shoved or pushed.  See  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)  When the use of force is reasonably necessary to subdue a prisoner, it does not constitute cruel and unusual punishment. <u>Clemmons v. Greggs</u>, 509 F.2d 1338, 1340 (5th Cir. 1975).

Plaintiff alleges no facts which demonstrate that prison officials maliciously and sadistically applied force in an effort to cause him harm.  Rather, it appears that the chemical agent was used to restore order.  In addition, Plaintiff does not allege that the chemical agent was sprayed directly at him, only that it was sprayed. Furthermore, Plaintiff does not allege that prison officials maliciously and sadistically kicked him in the back in an effort to cause him harm.  Accordingly, his excessive force claims should be dismissed with prejudice as frivolous.

**Medical Claim**

Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. <u>Elliot v. Perez</u>, 751 F.2d 1472, 1473 (5th Cir.

1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.  Furthermore, Plaintiff does not allege that he was denied medical care, only that he was not taken to the state hospital.  Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.    See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).   For the reasons stated, this court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of July 2015.

Mark L. Hornsby
U.S. Magistrate Judge

Page 6 of  6